# EXHIBIT 5

# GIBSON DUNN

Penny Madden KC
Partner
T: +44 20 7071 4226
M: +44 788 7513745
pmadden@gibsondunn.com

Client: 43902.00001

16 July 2025

VIA EMAIL

Professor Dr Mohamed Abdel Wahab C.Arb FCIArb (President of the Chartered Institute of Arbitrators)
The Chartered Institute of Arbitrators
12 Bloomsbury Square
London, WC1A 2LP
United Kingdom

das@ciarb.org

**Re:    "95 FLEUR" – Dispute under an Agreement for the Supply of Professional Services – Interior Design (December 2015)**

Dear Professor Dr Mohamed Abdel Wahab,

1. We refer to the purported Request for the Appointment of Arbitrator dated 4 July 2025 (the "**Request for Appointment**") sent to the President of the Chartered Institute of Arbitrators (the "**President**") on behalf of Dernier Etage SARL ("**Dernier Etage**"):

    a. purporting to commence an arbitration (the "**Arbitration**") against Immobiliare Management LLC ("**Immobiliare**") under the Chartered Institute of Arbitrators Arbitration Rules (2000 Edition) (the "**2000 CIArb Rules**") in accordance with an arbitration clause contained in an agreement entered into between Dernier Etage and Immobiliare in December 2015 (the "**95 FLEUR Agreement**"), alleging a dispute between the two Parties under the 95 FLEUR Agreement, including (but not limited to) a request by Dernier Etage for a declaration of non-liability and a potential claim for damages to its reputation against Immobiliare (the "**Dispute**"); and

    b. requesting that the President "*appoint a single arbitrator with no less than ten years' experience of handling luxury home development to determine the Dispute*".

2. We have been instructed by our client, Immobiliare, in relation to the Dispute. Please send any future correspondence pertaining to the Dispute to our firm for the attention of Penny Madden KC (pmadden@gibsondunn.com) Orin Snyder (osnyder@gibsondunn.com), Darcy C Harris (dharris@gibsondunn.com), Lee R Crain (lcrain@gibsondunn.com), Ceyda Knoebel (cknoebel@gibsondunn.com), and Dimitar Arabov (darabov@gibsondunn.com).

3. As an initial matter and for the avoidance of any doubt, all claims made by Dernier Etage in the purported Request for Appointment are denied.

4. We note that the arbitration clause set out in Clause 11.6 of the 95 FLEUR Agreement (the "**Arbitration Clause**") provides that:

    "*Any dispute arising under or in connection with these Terms or the provision of the Service **shall first be the subject of discussions between***

**Gibson, Dunn & Crutcher UK LLP**
Telephone House  |  2-4 Temple Avenue  |  London EC4Y 0HB  |  DX 217 London/Chancery Lane  |  United Kingdom
T: +44 20 7071 4000  |  F: +44 20 7071 4244  |  gibsondunn.com
Gibson, Dunn & Crutcher UK LLP is a limited liability partnership registered in Delaware. A list of the partners is open to inspection at the above address. Authorised and regulated by the Solicitors Regulation Authority (Number 324652).

**GIBSON DUNN**

16 July 2025
Page 2

> ***the parties** with a view to any dispute being resolved amicably, failing which either party may refer the matter to confidential arbitration by a single arbitrator with no less than ten years' experience of handling luxury home development disputes **appointed by agreement or <u>(in default)</u> nominated on the application of either party by the President for the time being of Chartered Institute of Arbitrators**. The arbitrator shall have no connection with any mediator or any mediation proceedings, unless both parties have consented in writing. The arbitration shall be governed by both the Arbitration Act 1996 and the **Controlled Cost Rules of the Chartered Institute of Arbitrators (2000 Edition), <u>or any amendments thereof</u>**, which Rules are deemed to be incorporated by reference into this clause. The seat of the arbitration shall be England. The decision of the arbitrator shall be final and binding on the parties.*" (emphasis added).

5. The emphasised sections of the Arbitration Clause above highlight three issues with the Request for Appointment:[1]

   a. Any Dispute has to first be discussed between the Parties with a view to reaching an amicable solution. Only thereafter can the Dispute be submitted to arbitration. No such discussions have taken place, and the Request for Appointment is accordingly premature and in breach of the Arbitration Clause.

   b. The Arbitration Clause provides that the sole arbitrator is to be appointed by agreement between the Parties, and that only if such agreement is not reached (i.e., in default), is the sole arbitrator to be appointed by the President. No discussions regarding the appointment of the sole arbitrator have taken place, and the Request for Appointment is accordingly premature and in breach of the Arbitration Clause.

   c. The Arbitration Clause provides that any arbitration commenced under the 95 FLEUR Agreement shall be governed by "*the Controlled Cost Rules of the Chartered Institute of Arbitrators (2000 Edition), <u>or any amendments thereof</u>*" (emphasis added). The Controlled Cost Rules of the Chartered Institute of Arbitrators (2000 Edition) were amended and replaced in 2018 by the CIArb Cost-Controlled Expedited Arbitration Rules (2018 Edition) (the "**2018 CC CIArb Rules**"), which also incorporate the currently applicable CIArb Arbitration Rules (i.e., the CIArb Arbitration Rules (2015 Edition) (the "**2015 CIArb Rules**")). Accordingly, any arbitration commenced under the Arbitration Clause as of the present date must be governed by the 2015 CIArb Rules, as modified by the 2018 CC CIArb Rules.

6. In light of the above defects, we ask Dernier Etage to withdraw its untimely Request for Appointment, and further respectfully request that the President refrains from making any sole arbitrator appointment, pending (1) the Parties seeking amicable resolution of

---

[1] We assume that the Request for Appointment purports to stand as Dernier Etage's written request for arbitration under Article 3 of the 2015 CIArb Rules, despite the fact that: (i) it is not labelled as such, and (ii) it is not addressed directly to our client (who was only copied).

# GIBSON DUNN

16 July 2025
Page 3

the Dispute; and failing that, (2) the Parties seeking agreement on a sole arbitrator and failing to reach consensus.

7. We further ask Dernier Etage to confirm that they are seeking arbitration under the applicable 2015 CIArb Rules, as modified by the 2018 CC CIArb Rules.

We look forward to hearing from the President and Dernier Etage. All of our client's rights remain fully reserved, including to serve our client's formal Response to a properly submitted Notice of Arbitration in accordance with the applicable rules and the Arbitration Clause.

Yours faithfully,

*Gibson, Dunn & Crutcher UK LLP*

GIBSON, DUNN & CRUTCHER UK LLP

**CC**:

HFW LLP

| | |
|---|---|
| Michael Ritter | michael.ritter@hfw.com |
| Joshua Henry | joshua.henry@hfw.com |

Laroque & Suliga Advocates

| | |
|---|---|
| Anne Suliga | asuliga@laroque-suliga.com |